IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RODRIGUEZ-RIVERA, et al

    Plaintiffs

v.

RIVERA RÍOS, et al

    Defendants

CIVIL NO. 06-1381 (SEC)

**OPINION and ORDER**

Pending before the Court is Plaintiffs Ana Teresa Rodríguez ("Rodríguez"), on her own behalf, and on behalf of the minors Laura Teresa Malavé Rodríguez, Carla Cristina Malavé Rodríguez, and Gabriela Malavé Rodríguez's (collectively "Plaintiffs") Notice of Voluntary Dismissal without prejudice ("Plaintiffs' notice" or "notice")(Docket #130), and Defendant Dr. Heidi M. Ayala Cardona's ("Ayala" or "Defendant"), opposition thereto (Docket # 133). For the reasons explained below, Plaintiffs' Notice of Voluntary Dismissal without prejudice is **GRANTED**.

**Factual and Procedural Background**

On April 13, 2006, Plaintiffs filed suit for damages against Ayala, who answered the complaint on July 25, 2006, and later filed an answer to the amended complaint on July 23, 2007. On April 22, 2008, Plaintiffs filed a notice of voluntary dismissal. Docket #130 at p.1. Therein, Rodríguez requested that this Court dismiss, without prejudice, her own, as well as her minor children's claims. Id. In support of said request, she asserted that she does not want her children to be exposed to the discovery process and trial. Id.

Ayala opposes Plaintiffs' request. Specifically, she argues that Plaintiffs' claims should be dismissed with prejudice, since otherwise she will be subject to the possibility of additional civil suits

**CIVIL NO. 06-1381 (SEC)**                                                                 Page 2

until a year after the dismissal of Rodríguez's claims, and until one year after each of the minor plaintiffs reaches 21 years of age. Docket #133, p.2.

**Applicable Law and Analysis**

Fed. R. Civ. P. 41 (a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on the terms that the court considers proper..." Said rule also states that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." This district has held that "[i]n deciding whether to grant a Rule 41(a)(2) motion, courts typically look to the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." Camacho-Albert v. Mendez & Co., 589 F. Supp. 2d 141, 144 (D.P.R. 2008) (citing Doe v. Urohealth Sys., 216 F.3d 157, 160 (1st Cir. 2000)).

When ruling on a Rule 41(a)(2) motion, the First Circuit has held that a court must determine: "(1) whether to allow [the] dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." Williams v. Peralta Community College Dist., 227 F.R.D. 538, 539 (1st Cir. 2005); see also Burnette v. Godshall, 828 F. Supp. 1439, 1443 (N.D.Cal.1993).

The above mentioned factors guide the court's inquiry since, "[u]ltimately, this Court has discretion to grant dismissal under the conditions and terms it deems proper." Id.; see also Morel v. Daimler Chrysler AG, 552 F. Supp. 2d 223 (D.P.R. 2007). A court is responsible, under Rule 41(a)(2), for exercising its discretion, and ensuring that dismissal will not unduly prejudice the other party. Urohealth Sys., 216 F.3d at 160. However, "[t]he mere prospect of a second law suit is not 'plain legal prejudice.'" Id.

.

**CIVIL NO. 06-1381 (SEC)**                                                                                    **Page 3**

In their notice, Plaintiffs request that the dismissal of their claims be without prejudice. Ayala opposes said request, arguing that Plaintiffs' notice should be denied, or in the alternative, Plaintiffs' claims should be dismissed with prejudice, in order to avoid subjecting her to the possibility of additional civil suits, until a year from the dismissal of Rodríguez's claims, and until one year after each of the minor plaintiffs reaches 21 years of age.

A court should deny a motion for voluntary dismissal under Rule 41(a)(2) if "a defendant can show that it will suffer some plain legal prejudice as a result." Peralta, 227 F.R.D. at 539; Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). Plain legal prejudice "means prejudice to some legal interest, some legal claim, some legal argument." Smith, 263 F.3d at 976. A party's "uncertainty because a dispute remains unresolved or because the threat of future litigation ... does not result in plain legal prejudice. Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend himself in another forum or where a plaintiff would gain a tactical advantage by that dismissal." Id.; see also Urohealth Sys., 216 F.3d at 160. Furthermore, "the expense incurred in defending against a lawsuit does not amount to legal prejudice." Peralta, 227 F.R.D. at 539; see also Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir.1996).

As previously mentioned, the threat of future litigation does not constitute "plain legal prejudice," and as such, is insufficient to warrant dismissal with prejudice. Urohealth Sys., 216 F.3d at 160. In order to determine whether to dismiss a claim with or without prejudice, the court should consider: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." Peralta, 227 F.R.D. at 540.

Upon reviewing the record, this Court finds that Plaintiffs' suit was filed on April 13, 2006. Docket # 2. Notwithstanding, due to errors in the filing of the initial complaint, an amended complaint was filed on June 5, 2006. Docket #5.  The service of summons and answers to the complaint spanned

**CIVIL NO. 06-1381 (SEC)**                                                                 **Page 4**

a long period of time. Finally, this Court issued a Case Management Order on March 13, 2007, setting the deadlines for the case proceedings. Docket # 76. However, a second amended complaint was filed on May 24, 2007 (Docket # 88) and all the answers to said amendment followed. As a result, a second Case Management Order was issued on June 27, 2007, re-setting all the case's deadlines. Docket # 102. This Court notes that, at the date the instant motion was filed, the parties were in the initial stages of discovery (depositions). Notwithstanding, Plaintiffs' notice does not dispose of all plaintiffs in this case. As such, any discovery Defendants may have engaged in is needed in order to continue with the case as to the other plaintiffs. Furthermore, motions for summary judgment have not been filed. Therefore, Plaintiffs' request for dismissal does not unduly prejudice Defendants. Moreover, while there may be some risk that the minors may re-file their case, that is far from a certainty at this point given the fact that the minors have not reached the legal age. More so, when the potential threat of future litigation is not "plain legal prejudice." Urohealth Sys., 216 F.3d at 160. As such, Ayala's claims to that effect lack merit.

In support of her arguments, Ayala further contends that if Plaintiffs' claims are dismissed, the instant case will proceed forward without indispensable parties, who may have a right to receive compensation. Docket #133, at 2. The First Circuit has held that "Rule 19(b), which governs indispensable parties, works in two steps." Pujol v. Shearson/American Express, 877 F.2d 132, 134 (1st Cir. 1989). First, the district court must decide whether a person fits the definition of those who should "be joined if feasible" under Rule 19(b), that is, if the person is a "necessary" party. Rule 19(a) guides such inquiry. A person is "necessary" and should be joined, when feasible, if (1) in the person's absence complete relief cannot be accorded among those already parties or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double,

**CIVIL NO. 06-1381 (SEC)**  Page 5

multiple, or otherwise inconsistent obligations by reason of the claimed interest. Cintron v. San Juan Gas, Inc., 79 F. Supp. 2d 16, 18 (D.P.R. 1999)(citing Pujol, 877 F. Supp. 134. If a party is not a necessary one under Rule 19(a), it cannot be an indispensable one under 19(b), and the analysis stops there. Rivera-Rojas, 178 F.R.D. at 361 (citing Delgado v. Plaza Las Américas, 139 F.3d 1, 3 n.2 (1st Cir. 1998)). See e.g., Hapag-Lloyd Container Linie, GMBH v. Luis A. Ayala Colón Sucrs., Inc., 209 F.R.D. 285, 287 (D.P.R. 2002).

In a wrongful death suit, absentee heirs are not necessary parties under Rule 19(a). Moreover, even if they were necessary parties, they are not indispensable. Cintron, 79 F. Supp. 2d at 19 (citing Pujol, 877 F.2d at 135 (citations omitted); see Arias-Rosado v. Gonzalez Tirado, 111 F. Supp.2d 96, 99 (D.P.R.2000)(finding that the nondiverse members of an estate were not indispensable parties as to the survivorship cause of action.). Specifically, this district has held that there is "no risk that the interest of the absent heirs would be impaired or not well-protected because any judgment in favor of one or more participants benefits all other participants in a community of property whereas an adverse judgment only prejudices the one who filed the judicial action." Ruiz-Hance v. PRASA, 2009 U.S. Dist LEXIS 12787 at *16 (D.P.R. 2009)(citing Arias- Rosado, 111 F. Supp. at 99.) Moreover, "[t]he fact that the succession is not an entity separate and apart from its members does not mean that all of its participants must always appear together to assert or defend matters affecting the estate. On the contrary, the Supreme Court of Puerto Rico has consistently held that being a succession a compulsory community of property and rights, any of the heirs or part thereof may appear at the trial to defend his/her common rights. If he/she prevails, his/her victory is for the benefit of all the co-owners." Arias-Rosado, 111 F. Supp. at 100 (citing Danz v. Suau Ballester, 82 P.R.R. at 595).

Based on the foregoing, Ayala's argument as to Plaintiffs' alleged indispensability also fail. As such, and considering that: (1) Ayala failed to show "plain legal prejudice" upon dismissal with prejudice, (2) the case is at a relatively early stage of the proceedings, (3) the case will proceed as to the

**CIVIL NO. 06-1381 (SEC)**                                                                                    **Page 6**

other plaintiffs, and (4) Plaintiffs' reasons for requesting the dismissal of the case, Plaintiffs' request for voluntary dismissal, without prejudice, is **GRANTED**. Finally, since Plaintiffs seek dismissal at an early stage of the discovery process, and because the costs incurred by Ayala in the present suit benefit her defense against the rest of the plaintiffs' claims, no terms and conditions will be imposed on Plaintiffs.

**Conclusion**

Based on the foregoing, Plaintiffs' notice of voluntary dismissal without prejudice (Docket #130) is **GRANTED**.  As such, Rodríguez and her minor children's claims are **DISMISSED without prejudice**.  Partial Judgment will be entered accordingly.

SO ORDERED.

In San Juan, Puerto Rico, this 5th day of March, 2009.

S/ Salvador E. Casellas
SALVADOR E. CASELLAS
U.S. Senior District Judge